UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM JAMES COKE SR.,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS & COMMUNITY
SUPERVISION MEDICAL SERVICES
DEPARTMENT; CHIEF MEDICAL OFFICER
AND DEPUTY COMMISSIONER CARL J.
KOENINGSMAN; MEDICAL DIRECTOR
ROBERT BENTIVEGNA; MEDICAL
DIRECTOR FREDRICK BERNSTEIN;
PRIMARY CARE PROVIDER YELENA
KORBKOVA; JANE/JOHN DOE "MSP";
MEDICAL SECRETARY CHRISTINE "DOE";
MEDICAL DIRECTOR DEBRA GEER; AND
GRIEVANCE PROGRAM & DIRECTOR,

                Defendants.

No. 19-CV-10038 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

William James Coke, Sr., ("Plaintiff"), currently incarcerated in Sing Sing Correctional Facility, brings this pro se Action alleging that Defendants violated his constitutional rights. By order dated November 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A. New York State Department of Corrections & Community Supervision Medical Services Department

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the New York State Department of Corrections & Community Supervision Medical Services Department are therefore barred by the Eleventh Amendment and are dismissed.

### B. Service on Chief Medical Officer and Deputy Commissioner Carl J. Koeningsman, Medical Director Robert Bentivegna, Medical Director Fredrick Bernstein, Primary Care Provider Yelena Korbkova, and Medical Director Debra Geer

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Chief Medical Officer and Deputy Commissioner Carl J. Koeningsman, Medical Director Robert Bentivegna, Medical Director Fredrick Bernstein, Primary Care Provider Yelena Korbkova, and Medical Director Debra Geer through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.  **Jane/John Doe "MSP," Medical Secretary Christine "Doe," and Grievance Program & Director**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections & Community Supervision to identify Jane/John Doe "MSP," Medical Secretary Christine "Doe," and Grievance Program & Director. It is therefore ordered that the New York State Attorney

4

General, who is the attorney for and agent of the New York State Department of Corrections & Community Supervision, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the addresses where the defendants may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Request for Counsel**

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this

5

determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff avers that he has written to the Dutchess, Albany, and Westchester County Attorneys, asking them to represent him and that they have all denied his requests. (*See* App. for

6

Appointment of Counsel ("App.") 2 (Dkt. No. 3).)[2] As advised by the Westchester County Attorney, attorneys for municipalities typically do not represent private individuals "that are not in any way associated with the County, through employment for example." (*Id.* at 4.) Plaintiff also claims he sent materials to the Legal Aid Society and received one response, dated September 23, 2019, which does not actually deny Plaintiff's representation but instead only asks for a family member or friend to provide a copy of the complete case file. (*Id.* at 5.) This one response—which cannot be characterized as an outright denial of representation—undermines Plaintiff's assertion that he is "unable" to locate representation. *Morris*, 2014 WL 1053658, at *1. Plaintiff has not shown that he has "made a reasonably diligent effort to obtain the *kind of attorney who would take his type of case.*" *Id.* at *2 (emphasis added).

Putting aside whether Plaintiff has sufficiently demonstrated his attempts to obtain counsel, Plaintiff's request has not satisfied step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel.[3]

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel. While Plaintiff alleges that "questions of law and fact exist that will require the skills of a trained [a]ttorney," (App. 1), including medical evidence pertaining to alleged injuries and neglectful medical care, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge

---

[2] For ease of reference, the Court cites to the ECF-stamped page numbers at the top right-hand corner of Plaintiff's Application for Appointment of Counsel (the "Application").

[3] For the purposes of the instant request, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge. Johnston*, 606 F.3d at 41 (quotation marks omitted).

7

in civil law" does not justify a request for counsel (alteration omitted)). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's Complaint, which alleges injuries caused by inadequate medical treatments, "articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). Even if a medical expert would eventually be useful in prosecuting this case, this alone does not merit appointed counsel because such representation would not necessarily include access to a medical expert. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (holding that appointed counsel has no obligation to pay for an expert witness and that plaintiff would be able to sufficiently present his case by calling "the doctors who treated him to the witness stand"); *Brown v. Austin*, No. 05-CV-9443. 2007 WL 2005618, at *2 (S.D.N.Y. Jul. 10, 2007) (holding in part that the question of adequate medical attention was not "so complex" as to require appointed counsel).

Although Plaintiff's "incarceration obviously presents an obstacle for his prosecution of the case," *Samet*, 2006 WL 278176, at *2, Plaintiff's claim is largely based on the retelling of events that occurred in his presence, and "do[es] not appear to require outside investigation," *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his

8

ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011). Nor do Plaintiff's statements about his inability to concentrate, his back impairment, or his struggles with depression merit appointment of counsel at this time. *See Perez v. County of Monroe*, No. 10-CV-6216, 2012 WL 4052470, at *1–2 (W.D.N.Y. Sept. 13, 2012) (denying without prejudice request for pro bono counsel where the plaintiff alleged that he suffered from mental health disabilities, including "bipolar, depression[,] and anxiety" and had "short and long term memory problems" (quotation marks omitted)); *Bell v. Harris*, No. 02-CV-1710, 2002 WL 31548719, at *1 (S.D.N.Y. Nov. 14, 2002) (similar).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. If circumstances change materially, Plaintiff may renew this request.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

9

The Court dismisses Plaintiff's claims against the New York State Department of Corrections & Community Supervision Medical Services Department. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Chief Medical Officer and Deputy Commissioner Carl J. Koeningsman, Medical Director Robert Bentivegna, Medical Director Fredrick Bernstein, Primary Care Provider Yelena Korbkova, and Medical Director Debra Geer, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and the Complaint to the New York State Attorney General at: 28 Liberty Street, New York, NY 10005.

Plaintiff's request for counsel is denied without prejudice to renewal at a later date. The Clerk is instructed to terminate the pending Application. (Dkt. No. 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 2, 2019
       White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Chief Medical Officer and Deputy Commissioner Carl J. Koeningsman
   Harriman State Campus
   1220 Washington Avenue
   Albany, NY 12226

2. Medical Director Robert Bentivegna
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, New York 12582-0010

3. Medical Director Fredrick Bernstein
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, New York 12582-0010

4. Primary Care Provider Yelena Korbkova
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, New York 12582-0010

5. Medical Director Debra Geer
   Auburn Correctional Facility
   135 State Street
   Auburn, New York 13024-9000