UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM JAMES COKE SR.,

                        Plaintiff,

-against-

CARL J. KOENIGSMAN, et al.,

                        Defendants.

19-CV-10038 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

       Plaintiff, currently incarcerated in Sing Sing Correctional Facility proceeding *pro se* and *in forma pauperis* (IFP), alleges that Defendants violated his constitutional rights. By order dated July 16, 2020, the Court granted Plaintiff permission to file a Second Amended Complaint. (ECF No. 54). In Plaintiff's Second Amended Complaint he names four additional Defendants. For the reasons stated below, the Court orders service on Defendants Quick and McKoy and dismisses all claims against Defendants Ferdous and Parker.

## DISCUSSION

### A.    Dismissal of claims against Frederick Parker, Primary Care Provider and Riza Ferdous, Medical Director

       Plaintiff's claims against Defendants Parker and Ferdous must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who

      committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

      Plaintiff does not allege any facts showing how Defendants Parker and Ferdous were personally involved in a constitutional violation. In fact, despite naming Parker and Ferdous as Defendants, it does not appear that Plaintiff intends to bring claims against them. *See* Doc. 56, Second Am. Compl. ¶ 16 (regarding Defendant Ferdous: "Medical Director on the other-hand (Ferdous) does have plaintiff's best interest in mind and has involved Herself in the fact-finding of plaintiff's medical issues."); *id.* ¶ 61 (regarding Defendants Parker and Ferdous: "Plaintiff feels that by making [Parker and Ferdous] defendants rather than allies . . . would be counter-productive as facts prove that the tiny bit [of medical treatment Plaintiff received from Ferdous and Parker] thus-far is more than that, that [sic] was done by defendants at Green Haven and Auburn put together."); s*ee also* ECF No. 53, Pl. Ltr. to Court dated July 8, 2020 at 2 ("[I]t is not requested that [Parker and Ferdous] be held liable.").

      Plaintiff's claims against Defendants Parker and Ferdous are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**    **Service on Jeff McKoy, Deputy Commissioner of Programs and Q. Quick, Grievance Program Supervisor**

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Jeff McKoy, Deputy Commissioner of Programs and Q. Quick, Grievance Program Supervisor, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

      The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Jeff McKoy, Deputy Commissioner of Programs and Q. Quick, Grievance Program Supervisor and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: August 11, 2020
       New York, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Jeff McKoy, Deputy Commissioner of Programs
   The Harriman State Campus
   1220 Washington Avenue
   Albany, New York 12226

2. Q. Quick, Grievance Program Supervisor
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562