UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILLIAM JAMES COKE, SR.,                    :
                                            :    Case No. 19-Civ-10038 (PMH)
                            Plaintiff,      :
                                            :
                - against -                 :
                                            :
CARL J. KOENINGSMAN, et al.                 :
                                            :
                            Defendants.     :
------------------------------------------------------------- X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

LETITIA JAMES
Attorney General of the State of New York
*Attorney for the Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8591

JOHN R. DORAN
Assistant Attorney General
        *of Counsel*

<h1 style="text-align:center">TABLE OF CONTENTS</h1>

**Page**

TABLE OF AUTHORITIES.................................................................................................. iii

PRELIMINARY STATEMENT........................................................................................... 1

STATEMENT OF THE ALLEGATIONS............................................................................ 2

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

POINT I        ALL CLAIMS OCCURING PRIOR TO OCTOBER 22, 2016 MUST BE DISMISSED AS THEY ARE BARRED BY THE STATUE OF LIMITATIONS OR COLLATERAL ESTOPPEL ........................................................... 4

    A.      Claims Accruing Prior To October 22, 2016, Are Barred By The Statue Of Limitations ........................................................................................................4

    B.      Some Claims Are Barred By The Doctrine Of Collateral Estoppel........................5

POINT II      PLAINTIFF HAS FAILED TO ALLEGE ANY DELIBERATE INDIFFERENCE CLAIM................................................................................................................6

    A.      Plaintiff's Deliberate Indifference Claims Occurring at Green Haven Should Be Dismissed.............................................................................................................7

    B.      Plaintiff's Deliberate Indifference Claims Occuring at Auburn Should be Dismissed ............................................................................................................9

    C.      The Deliberate Indifference Claims Against Deputy Commissioner McKoy and Director Mallozzi Should be Dismissed ............................................................10

POINT III    PLAINTIFF HAS FAILED TO STATE ANY OTHER CLAIM OF RELIEF.......12

    A.      Plaintiff's Has Failed to Allege Any Due Process Violation .................................12

    B.      Plaintiff Has Failed to Allege Any Conspiracy Claim ..........................................13

    C.      Plaintiff Has Failed to Allege Any Retaliation Claim...........................................14

    D.      Plaintiff Has Failed to Allege Any First Amendment Access to the Courts Claim16

    E.      Plaintiff Has Failed to Allege an ADA or Rehabilitation Act Claim ....................17

    F.      Plaintiff Has Failed to Allege Any Equal Protection Claim ..................................18

POINT IV      DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ....................19

POINT V       PLAINTIFF'S REQUEST FOR UNSPECIFIED DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF SHOULD BE DISMISSED ..................................21

POINT VI     ANY REMAINING CLAIM AGAINST DR. GEER SHOULD BE SEVERED AND TRANSFERRED TO THE WESTERN DISTRICT OF NEW YORK...... 22

POINT VII    THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ...............................................................................................................................25

CONCLUSION...........................................................................................................................25

# TABLE OF AUTHORITIES

CASES                                                                    Page(s)

*Abdur-Raheem v. Wenderlich,*
    No. 07-CV-6247, 2012 WL 5185605 (W.D.N.Y. Sept. 19, 2012)........................................19

*Amiron Dev. Corp. v. Sytner,*
    No. 12-CV-3036 JS ETB, 2013 WL 1332725 (E.D.N.Y. Mar. 29, 2013) ..............................7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................................... 2-3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................... 3-4

*Bertuglia v. City of New York,*
    839 F. Supp. 2d 703 (S.D.N.Y. 2012)............................................................................14

*Black v. Cuomo,*
    101 F.3d 681 (2d Cir. 1996)............................................................................................13

*Bolden v. Alston,*
    810 F.2d 353 (2d Cir. 1987)............................................................................................21

*Cancel v. Goord,*
    No. 00 Civ. 2042 LMM, 2001 WL 303713 (S.D.N.Y. Mar. 29, 2001)...................16

*Ciambriello v. County of Nassau,*
    292 F.3d 307 (2d Cir. 2002)............................................................................................14

*Chance v. Armstrong,*
    143 F.3d 698 (2d Cir. 1998)..............................................................................6-7, 9-10, 20

*Church v. Hegstrom,*
    416 F.2d 449 (2d Cir. 1969)..............................................................................................6

*Coke v. Medical,*
    No. 17-cv-0866 (ER), 2018 WL 2041388 (S.D.N.Y. Apr. 30, 2018) .......................5

*Cohn v. KeySpan Corp.,*
    713 F. Supp. 2d 143 (E.D.N.Y. 2010) .............................................................................17

*Colon v. Coughlin,*
    58 F.3d 865 (2d Cir. 1995)...............................................................................................11

*Collins v. Miller,*
    338 Fed. Appx. 34 (2d Cir. 2009) .....................................................................................4

*Corley v. City of New York,*
   No. 14 Civ. 3202, 2015 WL 5729985 (S.D.N.Y. Sept. 30, 2015) ...........................................17

*Cowan v. Breen,*
   352 F.3d 756 (2d Cir. 2003)...................................................................................................20

*Cuoco v. Moritsugu,*
   222 F.3d 99 (2d Cir 2000)......................................................................................................12

*Dawes v. Walker,*
   239 F.3d 489 (2d Cir. 2001)...................................................................................................15

*Demata v. N.Y.S. Correctional Dept. Dep't of Health Servs.,*
   198 F.3d 233 (2d Cir. 1999)......................................................................................................9

*Dichiara v. Pataki,*
   No. 06 Civ. 6123, 2007 WL 749742 (E.D.N.Y. Mar. 7, 2007) ..........................................9-10

*DiFolco v. MSNBC Cable L.L.C.,*
   622 F.3d 104 (2d Cir. 2010).....................................................................................................2

*Dory v. Ryan,*
   999 F.2d 679 (2d Cir. 1993)......................................................................................................4

*Edwards v. Annucci,*
   No. 17 CV 5018 (VB), 2019 WL 1284295 (S.D.N.Y. Mar. 20, 201) ....................................11

*Estelle v. Gamble,*
   429 U.S. 97 (1976)....................................................................................................................7

*Farmer v. Brennan,*
   511 U.S. 825 (1994)..................................................................................................................6

*Flum v. Dep't of Educ.,*
   83 F. Supp. 3d 494 (S.D.N.Y. 2015)................................................................................. 17-18

*FSK Drug Corp. v. Perales,*
   960 F.2d 6 (2d Cir. 1992).......................................................................................................19

*Gallop v. Cheney,*
   642 F.3d 364 (2d Cir. 2011)............................................................................................. 13-14

*German v. Fed. Home Loan Mortg. Corp.,*
   896 F.Supp. 1385 (S.D.N.Y. 1995) ................................................................................. 22-23

*Giano v. Selsky,*
    238 F.3d 223 (2d Cir. 2001)............................................................................. 12-13

*Gonzalez v. City of Schenectady,*
    728 F.3d 149 (2d Cir. 2013).................................................................................20

*Gonzalez v. Hasty,*
    802 F.3d 212 (2d Cir. 2015)...................................................................................4

*Hernandez v. Keane,*
    341 F.3d 137 (2d Cir. 2003)...............................................................................8, 11

*Hogan v. Fischer,*
    738 F.3d 509 (2d Cir. 2013)...................................................................................4

*Jackson v. County of Rockland,*
    450 Fed. Appx. 15 (2d Cir. 2011) .........................................................................3

*James v. Osbourne,*
    No. 11 Civ. 4182 CLP, 2012 WL 4849160 (E.D.N.Y. Apr. 18, 2012) ..................22

*Jenkins v. City of New York,*
    478 F.3d 76 (2d Cir. 2007)....................................................................................5

*Johnson v. Wala,*
    No. 14 Civ. 1151, 2015 WL 4542344 (N.D.N.Y. July 27, 2015)..........................17

*Jouvert v. New York,*
    No. 10-CV-930 MAD/CFH, 2012 WL 6964386 (N.D.N.Y. Oct. 23, 2012);
    *report and recommendation adopted*, No. 9:10-CV-0930 MAD/CFH, 2013
    WL 372331 (N.D.N.Y. Jan. 29, 2013)....................................................13, 19, 21

*Kassner v. 2nd Ave. Delicatessen Inc.,*
    496 F.3d 229 (2d Cir. 2007)........................................................................3, 12, 18

*Kehr v. Yamaka Motor Corp.,*
    596 F. Supp. 2d 821 (S.D.N.Y. 2008)...................................................................22

*Keitt v. New York,*
    No. 12 Civ. 2350 PAE, 2013 WL 3479526 (S.D.N.Y. July 10, 2013) ..................24

*Lewis v. Casey,*
    518 U.S. 343 (1996)............................................................................................16

*Liner v. Goord,*
    115 F. Supp. 2d 432 (S.D.N.Y. 2000)..................................................................14

*Little v. City of New York,*
    487 F. Supp. 2d 426 (S.D.N.Y. 2007).................................................................................14

*Lombardi v. Whitman,*
    485 F.3d 73 (2d Cir. 2007)......................................................................................................12

*Mateo v. Fischer,*
    682 F. Supp. 2d 423 (S.D.N.Y. 2010)...................................................................................11

*Maccharulo v. N.Y. State Dep't of Corr. Servs.,*
    No. 08 Civ. 301, 2010 WL 2899751 (S.D.N.Y. July 21, 2010) ...........................................18

*McNaughton v. Merck & Co.,*
    No. 04 Civ. 8297, 2004 WL 5180726 (S.D.N.Y. Dec. 17, 2004)..........................................22

*Meachum v. Fano,*
    427 U.S. 215 (1976).........................................................................................................13, 15

*Melvin v. County of Westchester,*
    No. 14-cv-2995 (KMK), 2016 WL 1254394 (S.D.N.Y. Mar. 29, 2016)...............................25

*Milani v. Int'l Bus. Mach. Corp.,*
    322 F. Supp. 2d 434 (S.D.N.Y. 2004).....................................................................................4

*Monsky v. Moraghan,*
    127 F.3d 243 (2d Cir. 1997)....................................................................................................16

*New York v. Hendrickson Bros., Inc.,*
    840 F.2d 1065 (2d Cir. 1988)..................................................................................................22

*Pearson v. Callahan,*
    555 U.S. 223 (2009).................................................................................................................19

*Prins v. Coughlin,*
    76 F.3d 504 (2d Cir. 1996)......................................................................................................21

*Porat v. Lincoln Towers Community Ass'n.,*
    No. 04-cv-3199 (LAP), 2005 WL 646093 (S.D.N.Y. Mar. 17, 2005)...................................21

*Powell v. Nat'l Bd. of Med. Examiners,*
    364 F.3d 79 (2d Cir. 2004)......................................................................................................18

*Reynolds v. Barrett,*
    685 F.3d 193 (2d Cir. 2012)....................................................................................................19

*Rivera v. Wohlrab,*
    232 F. Supp. 2d 117 (S.D.N.Y 2002) .................................................................21

*Robertson v. Cartinhour,*
    No. 10 Civ. 8442 LTS HBP, 2011 WL 5175597 (S.D.N.Y. Oct. 28, 2011) .........................23

*Rodriguez v. Morton,*
    No. 04 Civ. 3787, 2009 WL 414033 (S.D.N.Y. Feb. 13, 2009) ...........................13

*Rush v. Fischer,*
    923 F. Supp. 2d 545 (S.D.N.Y. 2013) ................................................................24

*Ruston v. Town Bd. for Town of Skaneateles,*
    610 F.3d 55 (2d Cir.2010) ..................................................................................18

*Salahuddin v. Goord,*
    467 F.3d 263 (2d Cir. 2006) ................................................................................6

*Saucier v. Katz,*
    533 U.S. 194 (2001) ...........................................................................................20

*Scott v. Coughlin,*
    344 F.3d 282 (2d Cir. 2003) ..............................................................................15

*Sharma v. D'Silva,*
    157 F. Supp. 3d 293 (S.D.N.Y. 2016) ...............................................................12

*Simpson v. Rodas,*
    No. 10 Civ. 6670 CS, 2012 WL 4354832 (S.D.N.Y. Sept. 21, 2012) ..................24

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.,*
    151 F. Supp. 2d 303 (S.D.N.Y. 2001) ...............................................6-7, 10, 20

*Swierkiewicz v Sorema N.A.,*
    No. 13 Civ. 5779, 2016 WL 929268 (S.D.N.Y. Feb. 24, 2016), *report and recommendation adopted by*, 2016 WL 4272376 (S.D.N.Y. Aug. 5, 2016) ..........................15

*Taravella v. Town of Wolcott,*
    599 F.3d 129 (2d Cir. 2010) ..............................................................................20

*Treppel v. Biovail Corp.,*
    No. 03-cv-3002, 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005) ...........................25

*Viacom Int'l, Inc. v. Melvin Simon Prods. Inc.,*
    774 F. Supp. 858 (S.D.N.Y. 1991) ....................................................................24

*Vill. of Willowbrook v. Olech,*
    528 U.S. 562 (2000).............................................................................18

*Washington v. Melis,*
    No. 16-CV-6469 (KMK), 2018 WL 2324079 (S.D.N.Y. May 22, 2018) ..............................11

*White v. Pauly,*
    137 S.Ct. 548 (2017).........................................................................20

*Whitehaus Collection v. Barclay Prods.,*
    No. 11 Civ. 217 LBS, 2011 WL 4036097 (S.D.N.Y. Aug. 26, 2011)....................................24

## FEDERAL STATUTES

28 U.S.C. § 1391(b)(1) ...........................................................................24
28 U.S.C. § 1404(a) ............................................................................ 23-24
42 U.S.C. § 1983............................................................................ passim
ADA / Rehabilitation Act ....................................................................... 17-18

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 8.........................................................................................7
Rule 12(b)(6).............................................................................. passim
Rule 20......................................................................................22
Rule 21......................................................................................22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILLIAM JAMES COKE, SR.,           :

                                     :      Case No. 19-Civ-10038 (PMH)

                   Plaintiff,     :
                                     :
         - against -         :
                                     :
CARL J. KOENINGSMAN, et al.     :
                                     :
                 Defendants.    :
------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Defendants, Chief Medical Officer and Deputy Commissioner Dr. Carl Koenigsmann[1], Health Services Director Dr. Robert Bentivegna, Health Services Director Dr. Fredrick Bernstein, Medical Provider Dr. Yelena Korobkova[2], Health Director Dr. Debra Geer, Nurse Christine Raffaele, Grievance Program Director Shelley Mallozzi, Deputy Commissioner Jeff McKoy, and Sing Sing Inmate Grievance Program Supervisor Quandera Quick (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Fourth Amended Complaint ("4th A.C."), *ECF Dkt. No. 66*, pursuant to Fed. R. Civ. P. 12(b)(6).[3]

*Pro se* plaintiff William Coke brings this *42 U.S.C. § 1983* action, alleging various claims against the Defendants that purportedly occurred at Green Haven Correctional Facility ("Green Haven"), Auburn Correctional Facility ("Auburn"), and Sing Sing Correctional Facility ("Sing Sing"). *See 4th A.C. generally*. For the reasons discussed below, Defendants respectfully request that the Court: (1) dismiss all claims having occurred prior to October 22, 2016 as they as are barred by the applicable statute of limitations or the doctrine of collateral estoppel, (2) dismiss the

---

[1] Sued herein as "Koeningsmann".
[2] Sued herein as "Korbkova".
[3] Dr. Ferdous and Dr. Parker were dismissed from this action on August 11, 2020. *See Dkt. No. 61*.

remaining claims pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has failed to allege any claim of relief, (3) dismiss any remaining claim against the Defendants as they are entitled to qualified immunity, and (4) sever and transfer, to the Western District of New York, any claim that survives dismissal arising out of Plaintiff's medical treatment at Auburn.

## STATEMENT OF THE ALLEGATIONS[4]

Plaintiff alleges that, while incarcerated at Green Haven, the pertinent medical issues began when he was prescribed lisinopril (a blood pressure medication) which allegedly resulted in Plaintiff experiencing an allergic reaction, on September 14, 2014. *4th A.C. ¶ 11.* Despite admitting to having received multiple medical examinations, treatments, and referrals to outside specialists, *Id. at ¶* 29-33, 37-39, 41-44 & pg[5] 24-26, 28-29, 31, 33, 35-37, & 39-43, Plaintiff claims that he requested a transfer to Auburn. *Id. at ¶ 12.* Prior to transferring, however, Plaintiff alleges that on unspecified dates, Dr. Korobkova purportedly denied Plaintiff's request for an unspecified pass, *Id. ¶ 47,* and that the Green Haven medical providers named in this matter purportedly conspired to, and did, remove or destroyed unspecified "medical evidence of injury", *Id. at ¶ 68 & 80.*

On August 25, 2017, Plaintiff claims that he was transferred to Auburn. *4th A.C. ¶ 41.* While there, Plaintiff admits he met and received treatment from Dr. Geer on multiple occasions, *Id. at ¶* 45-46, & pg *56,* 58-59, 66*,* and that she reviewed, and made copies of, the medical records Plaintiff provided to her. *Id. ¶ 45.* Plaintiff also admits that Dr. Geer was able to regenerate the "medical evidence of injury", *Id.at pg 20*, but prior to doing so she purportedly, on unspecified dates, denied Plaintiff's requests for a "flats [ ] and a feed-up" pass. *Id. ¶ 45-47.* Plaintiff also

---

[4] The facts in Plaintiff's Fourth Amended Complaint are recounted herein for purposes of this Motion only, without conceding their accuracy or plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts herein are also taken from the exhibits to the Fourth Amended Complaint, which are properly considered on a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).
[5] Reference to Complaint page numbers are references to the pages as they appear on the ECF Docket. *Dkt. No. 66.*

claims that on an unspecified date, an unspecified medical shot was purportedly recommended but Dr. Geer did not provide this shot because she allegedly "vanished, vacation[ed], hid[ ] who knows?" *Id. ¶ 53.*

Plaintiff claims that he was transferred to Sing Sing on May 31, 2019, *4th A.C. ¶ 54*, where he is currently enrolled in a master's program. *Id. ¶ 62 & 79.* Plaintiff's remaining "allegations" are either incomprehensible or do not involve the remaining Defendants.

## STANDARD OF REVIEW

While a *pro se* plaintiff's pleading must be "construe[d]…liberally", the complaint must allege more than "merely conclusory allegations masquerading as factual conclusions" in order to defeat a motion to dismiss. *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18, 19 (2d Cir. 2011). The Court need not accept allegations that lack factual foundation or are bare conclusions of the law. *See Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007) (the complaint is inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action"). Therefore, in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The pleading requirements under Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Where a plaintiff has failed to

"nudge[ his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

**ARGUMENT**

**POINT I**

**ALL CLAIMS OCCURING PRIOR TO OCTOBER 22, 2016 MUST BE DISMISSED AS THEY ARE BARRED BY THE STATUTE OF LIMITATIONS OR COLLATERAL ESTOPPEL**

**A.   Claims Accruing Prior To October 22, 2016, Are Barred By The Statue Of Limitations.**

Section 1983 claims are governed by New York's three-year statute of limitations for personal injury actions. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Claims under *§ 1983* accrue when the plaintiff knows or has reason to know of the injury which is the basis for his action. *Collins v. Miller*, 338 Fed. Appx. 34, 36 (2d Cir. 2009); *see also Milani v. Int'l Bus. Mach. Corp.*, 322 F. Supp. 2d 434, 452 (S.D.N.Y. 2004) (holding discrete acts are "not actionable if time barred, even when they are related to acts alleged in timely filed charges"). Under the "prison-mailbox rule," a *pro se* prisoner's complaint is deemed filed on the date that he delivered the complaint to prison officials for transmittal to the court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994). In this matter, Plaintiff commenced this action, at the earliest, on the date his initial complaint was signed, which for purposes of this motion is assumed to be, October 22, 2019. *Dkt. No. 2.*

Although unclear from the face of the complaint, to the extent Plaintiff is attempting to assert any claim that occurred prior to October 22, 2016, those claims should be dismissed as they are barred by the Statute of Limitations. Each of the purported claims, that occurred prior to October 22, 2016, are discrete acts that each gave rise to its own three-year statute of limitations filing period. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015); *Milani*, 322 F. Supp. 2d at 452.

4

There is no explanation, in the Fourth Amended Complaint, as to why any claim occurring prior to October 22, 2016, should be considered. Accordingly, all claims alleged to have occurred prior to that date, such as an interference with, presumably, a criminal appeal, *Id. ¶ 24-26,* or improper medical holds being placed upon the Plaintiff in 2005, *Id. ¶ 22*, must be dismissed as time-barred.

**B.  Some Claims Are Barred By The Doctrine Of Collateral Estoppel.**

In addition to being barred by the statute of limitations, to the extent Plaintiff is also asserting deliberate indifference claims against Dr. Bernstein, from August 14, 2014 through July 13, 2015, those claims must be dismissed are they barred by collateral estoppel. Claims are barred by the doctrine of collateral estoppel when "the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (citations omitted). Here, Plaintiff has already asserted the claims against Dr. Bernstein in *Coke v. Medical*, No. 17-cv-0866 (ER) (Dkt. No. 45), 2018 WL 2041388 (S.D.N.Y. Apr. 30, 2018), where he had a full and fair opportunity to litigate those issues. In *Coke v. Medical*, the court granted the defendants' motion to dismiss holding that Dr. Bernstein was not "deliberately indifferent in failing to properly diagnose and treat plaintiff's medical conditions during his incarceration at Green Haven." 2018 WL 2041388 at **3-6. Plaintiff, extensively participated in that matter through the filing of his initial complaint on February 3, 2017, *No. 17-cv-0866 Dkt. No. 2*, an amended complaint on May 12, 2017, *Id. at Dkt. No. 15*, multiple letters to the court, Id. at *Dkts. No. 4*, *11*, *17*, *26*, *27*, *32*, *39*, *42*, *47*, *& 48*, and an opposition to the motion to dismiss, *Id. at Dkt. No. 36*. Accordingly, and to the extent Plaintiff is attempting to relitigate those issues here, those claims must be dismissed pursuant to collateral estoppel. *See Jenkins*, 478 F.3d at 85.

**POINT II**

**PLAINTIFF HAS FAILED TO ALLEGE ANY DELIBERATE INDIFFERENCE CLAIM**

Like Plaintiff's prior pleadings, the Fourth Amended Complaint does not allege that he was not provided any treatment, instead, Plaintiff is challenging the sufficiency of the treatment he was provided. In order to state a claim for inadequate medical care under the Eighth Amendment, a prisoner must plead that: (1) that the alleged deprivation of medical care was "sufficiently serious," and (2), the officials in question acted with a "sufficiently culpable state of mind," specifically subjective deliberate indifference. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Deliberate indifference only exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw th[at] inference." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (quotation marks omitted). "[A] prisoner[, however,] is not entitled to the best healthcare possible or even to a choice among available treatment modalities; instead, the Constitution entitles a prisoner only to reasonable measures to meet a substantial risk of serious harm." *Id.* As such, "[i]f a prisoner's course of treatment is one about which reasonable doctors could disagree, an Eighth Amendment claim will not ordinarily lie" as "prison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons." *Id*. (citing *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969)). Stated another way, "[a] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citations omitted).

Accordingly, "disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. [Rather, t]hese issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Chance*, 143 F.3d at 703.

## A. Plaintiff's Deliberate Indifference Claims Occurring at Green Haven Should Be Dismissed.

Plaintiff's deliberate indifferent claims against Dr. Bernstein, Dr. Korobkova, Dr. Bentivegna, and Nurse Rafaela (the "Green Haven medical providers") should be dismissed because Plaintiff has failed to allege specific allegations against these individuals that demonstrate they were each deliberately indifferent to Plaintiff's serious medical needs. Instead, Plaintiff appears to be relying on "group-pleading" that "fails to give each defendant fair notice of the claims against [them], and, thus, fails to satisfy either the notice-pleading requirements of Rule 8 or the heightened pleading standard under Rule 9(b)." *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036 JS ETB, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013) (internal quotation marks and citations omitted). Accordingly, Plaintiff's general claims of deliberate indifference against the Green Haven medical providers should be dismissed as Plaintiff has failed to identify specific actions of each defendant that gives them fair notice of the claims asserted against them. *Id.*

To the extent Plaintiff is attempting to allege a deliberate indifference claim because Dr. Korobkova, on an unspecified date, denied Plaintiff's request for an unspecified pass, *4th A.C. ¶ 47*, that Dr. Bernstein created a policy to target the Plaintiff, *Id. ¶ 80*, or that Dr. Korobkova, Dr. Bentivegna, and Nurse Raffaele removed or destroyed "medical evidence of injury" prior to Plaintiff's transfer to Auburn, *Id.*, such claims also fail as Plaintiff has only alleged a series of conclusory allegations that fail to establish either the subjective or objective elements necessary to

state any deliberate indifference claim involving these allegations.

In any event, Plaintiff's claims against the Green Haven medical providers further fails because, there are no allegations that any of the Green Haven medical providers acted with any reckless disregard in treating Plaintiff or in the alleged removal or destruction of the unspecified "medical evidence." In fact, Plaintiff's allegations of deliberate indifference are contradicted by his own pleading because it is clear from the face of the Fourth Amended Complaint, as well as the medical records attached to that pleading, that he was being seen, diagnosed, and treated by the Green Haven medical providers for his alleged complaints. *4th A.C. ¶ 29-33, 37-39, 41-44*. It is also clear that Plaintiff was referred to multiple specialists to address his medical concerns. *Id. at pg's 24-26, 28-29, 31, 33, 35-37, & 39-43*. Accordingly, these claims should be dismissed.

Plaintiff's claim regarding the removal of unspecified "medical evidence" in his transfer from Green Haven to Auburn should also be dismissed as there are no allegations that suggest how or in what manner any of the Green Haven medical providers were personally involved in the removal or destruction of the unspecified "medical evidence," such as the nature of each Defendants' role was and what "medical evidence" each defendant personally removed or destroyed. For instance, there is no allegation that the Green Haven defendants were responsible for sending Plaintiff's medical records from Green Haven to Auburn, and it is too unlikely that doctors would engage in that clerical task to infer such responsibility. Medical providers are only responsible for matters within their control and, even then, only liable when they are deliberately indifferent. *See Hernandez v. Keane*, 341 F.3d 137, 147 (2d Cir. 2003). Moreover, there are no allegations about how the lack of "medical evidence" adversely affected Plaintiff's medical care at Auburn. Additionally, Plaintiff does not allege that he was harmed by the removal or destruction of the unspecified "medical evidence" other than his conclusionary allegation that he was placed

on the fourth floor at Auburn, which does not constitute an injury as it is merely a disagreement in Plaintiff's placement at another prison facility. In any event, Plaintiff fails to allege that any of Green Haven medical providers were aware of, and disregarded, any serious medical risk involving Plaintiff's placement on the fourth floor at Auburn or that any of the Green Haven medical providers had the ability to determine where Plaintiff would be housed in that facility.

Simply put, Plaintiff's claims in this matter are merely a recitation of his disagreements about his medical care, which do not establish any Eighth Amendment violation. *See Chance*, 143 F.3d at 703; *Dichiara*, 2007 WL 749742, at * 3. The allegations do not show that his complaints were going untreated, that any Defendant created a policy to target him, or that anyone was removing or destroying any particular "medical evidence." Accordingly, Plaintiff has failed to allege any deliberate indifference claim against Dr. Korobkova, Dr. Bentivegna, Dr. Bernstein, and Nurse Raffaele.

## B.  Plaintiff's Deliberate Indifference Claims Occurring at Auburn Should Be Dismissed.

Plaintiff's allegations against Dr. Geer appear to turn on two points. First, Dr. Geer permitted Plaintiff to remain on the fourth floor at Auburn and, second, she did not accommodate his request for additional time to eat and for a flats pass. Both of these claims, however, are insufficient to establish any deliberate indifference, on the part of Dr. Geer, because Plaintiff is, again, only alleging his disagreements over his medical treatment in that he felt more should have been done. *See Chance*, 143 F.3d at 703; *see also Demata v. N.Y.S. Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999).

In any event, even if Dr. Geer had the authority to remove the Plaintiff from the fourth floor, it is unclear what known excessive risk to Plaintiff's health or safety Dr. Geer disregarded in permitting Plaintiff to remain there. It is also unclear, how this placement affected or prevented

Plaintiff from receiving medical treatment, which, as discussed below, was constitutionally adequate. Accordingly, Plaintiff's claim regarding his placement on the fourth floor at Auburn should be dismissed.

Similarly, Plaintiff's allegations regarding a failure to accommodate, should also be dismissed because prison officials have a wide discretion in the course of treating prisoners. *Chance*, 143 F.3d at 702. As is clear, based upon Plaintiff's admissions, Dr. Geer reviewed, and verified, his medical records on multiple occasions prior to making her decisions. *4th A.C. ¶ 45-46*. Plaintiff also admits that Dr. Geer regenerated the purportedly missing "medical evidence," *Id. at pg 20*, and that she reviewed, and approved, multiple referrals for Plaintiff to see various specialists so that he could obtain additional medical care, *Id. at pg 56*, 58-59, 66. As such, Plaintiff's allegations against Dr. Geer, like his allegations against the Green Haven medical providers, assert nothing more than his continued disagreements over his medical treatment, which do not implicates the Eighth Amendment. *Chance*, 143 F.3d at 703, *Dichiara*, 2007 WL 749742, at * 3. At best, these allegations "implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Sonds*, 151 F. Supp. 2d at 312 (citations omitted). Accordingly, these claims should be dismissed.

## C. The Deliberate Indifference Claims Against Deputy Commissioner McKoy and Director Mallozzi Should be Dismissed.

Plaintiff's appears to be alleging that Deputy Commissioner McKoy and Director Mallozzi were deliberately indifferent to his serious medical needs because Plaintiff wrote grievances to these individuals, regarding his medical care, and that they purportedly failed to use their positions, as supervisors, to intervene in Plaintiff's medical treatment. These claims, however, should be dismissed because supervisory officials may not be held liable merely because they held a position of authority. *Tangreti v. Bachmann*, No. 19-3712, 2020 WL 7687688, at *6 (2d Cir. Dec. 28, 2020)

(rejecting the *Colon v. Coughlin,* 58 F.3d 865 (2d Cir. 1995), elements and holding "there is no special rule for supervisory liability"); *Hernandez,* 341 F.3d 144-45 (claim cannot be based on supervisory capacity alone); *see also Edwards v. Annucci,* No. 17 CV 5018 (VB), 2019 WL 1284295, at *6 (S.D.N.Y. Mar. 20, 2019) (holding "The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim.") (alterations in original and citations omitted). "'Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti,* 2020 WL 7687688, at *6 (citing *Iqbal,* 556 U.S. at 676).

Here, Plaintiff has failed to allege any non-conclusory factual allegations "that [establishes] each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti,* 2020 WL 7687688, at *6. As such, these individuals should be dismissed from this matter. Similarly, and to the extent the extent Plaintiff is attempting to claim that Deputy Commissioner McCoy and Director Mallozzi were personally involved in this matter because Plaintiff wrote them complaints, such claims also fail because complaints alone are insufficient to allege the personal involvement of a supervisory defendant. *Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (holding "the receipt of letters or grievances, by itself, does not amount to personal involvement.").

In any event, Plaintiff's deliberate indifference claims against Deputy Commissioner McKoy and Director Mallozzi must be dismissed because these individuals are not medical providers and as such, they are permitted to rely on the opinions of those who are medical providers. *See Price v. Koenigsmann*, No. 19-CV-4068 (KMK), 2020 WL 4274079 (S.D.N.Y. July 24, 2020) (complaint dismissed where plaintiff alleged that he advised the Superintendent of his medical concerns, noting that in this case plaintiff did not state the Superintendent was involved

in deciding the plaintiff's grievance but even if he had been the Superintendent was entitled to rely on the medical personal); *see also Crosby v. Petermann*, No. 18-CVC-9470(JGK), 2020 WL 1434932, at *6 (S.D.N.Y. March 24, 2020) ("Prison administrators may rely on opinions of medical personnel when evaluating the proper care to be administered to prisoners, and cannot be held to have been personally involved based on this analysis."). Moreover, non-medical professionals, such as Deputy Commissioner McKoy and Director Mallozz, are not required to second guess the decision of a mental health providers. *See Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2d Cir 2000); *Sharma v. D'Silva,* 157 F. Supp. 3d 293, 305-06 (S.D.N.Y. 2016). Accordingly, the deliberate indifference claims against these two individuals should be dismissed.

## POINT III

### PLAINTIFF HAS FAILED TO STATE ANY OTHER CLAIM OF RELIEF

Plaintiff's Fourth Amended Complaint should also be dismissed because, like Plaintiff's prior pleadings, the Plaintiff has failed to state any claim of relief. Plaintiff, again, merely cites to various legal elements but fails to allege any non-conclusory allegations that make any of the remaining claims facially plausible. *Kassner,* 496 F.3d at 237. Accordingly, Plaintiff's additional claims should be dismissed for the reasons discussed below.

### A. Plaintiff Has Failed to Allege Any Due Process Violation.

Plaintiff's due process claim should be dismissed as it is merely a serious of conclusory statements with no discernable factual allegations or clear legal theory. The law is clear that merely referencing the words "due process" in a complaint, as it is the case in this matter, fails to allege any due process violation occurred. *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) (holding passing reference not sufficient to allege due process violation). Rather, "to present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s)

deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (quotations and citation omitted). In any event, Plaintiff has failed to allege both a liberty interest and that the Defendants deprived him of that interest. For example, and to the extent Plaintiff was attempting to allege a liberty interest in being transferred from one facility to another sooner, *4th A.C. ¶ 27*, or not at all, *Id. ¶ 28*, such allegations fail to establish either element of a due process claim because the Plaintiff has no constitutional right to be transferred to, or remain at, a facility of his choice. *Meachum v. Fano,* 427 U.S. 215, 224 (1976); *see also Black v. Cuomo*, 101 F.3d 681 (2d Cir. 1996). Additionally, although the Plaintiff is correct that a liberty interest may exist in receiving medical treatment in some context, his due process claim fails because any claim involving Plaintiff's medical treatment is subsumed by his Eighth Amendment claims and should be dismissed for the reasons noted above. *Rodriguez v. Morton*, No. 04 Civ. 3787, 2009 WL 414033, at *9 (S.D.N.Y. Feb. 13, 2009). Finally, and to the extent Plaintiff is claiming a liberty interest in his enrollment into the master's program at Sing Sing, he has failed to do so because he "neither [has] a property nor a liberty interest [ ] in an educational program in prison." *Jouvert v. New York*, No. 10-CV-930 MAD/CFH, 2012 WL 6964386, at *7 (N.D.N.Y. Oct. 23, 2012) (citations omitted); *report and recommendation adopted*, No. 9:10-CV-0930 MAD/CFH, 2013 WL 372331 (N.D.N.Y. Jan. 29, 2013). Accordingly, Plaintiff has failed to allege any due process violation in this matter.

**B.  Plaintiff Has Failed to Allege Any Conspiracy Claim.**

Plaintiff's conspiracy claims should be dismissed because he has only alleged conclusory allegations without any factual support. "It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011)

(internal quotation marks and citation omitted).

Here Plaintiff's conspiracy claims can be broken down into one of two conclusory allegations. First that "Bentivegna, Kor[o]bkova and Raffaele conspired to remove or destroy medical evidence", *4th A.C. ¶ 68*, and, second, that Dr. Koenigsmann and Dr. Geer allegedly joined Dr. Bernstein's conspiracy to target the Plaintiff, *Id ¶ 53, 69-70*. Neither of these allegations, however, can survive this motion to dismiss because Plaintiff has not alleged any factual support that establishes either claim. Specifically, Plaintiff has not alleged there was any agreement between any of these Defendants to act in concert to inflict an unconstitutional injury to the Plaintiff, *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002), nor has the Plaintiff alleged that any overt act was done in furtherance of the purported conspiracy or that there was ever a "meeting of the minds" between the Defendants, *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 728 (S.D.N.Y. 2012). In fact, Plaintiff has also not alleged any factual allegations regarding the time or place, that any conspiracy meeting or agreement was entered into by the Defendants. As such, Plaintiff conspiracy claims should be dismissed. *See Liner v. Goord*, 115 F. Supp. 2d 432, 435 (S.D.N.Y. 2000) (dismissing conspiracy claim to tamper or destroy medical records when plaintiff only alleges conclusory allegations). In any event, Plaintiff's conspiracy claims against the Defendants are barred under the intracorporate conspiracy doctrine, which holds that "the officers, agents, and employees of a single corporate entity, each acting within the scope of [his or] her employment, are legally incapable of conspiring together." *Little v. City of New York*, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007).

## C. Plaintiff Has Failed to Allege Any Retaliation Claim.

Plaintiff's sole retaliation claim is that Dr. Bernstein, with the alleged assistance of Dr. Korobkova, Dr. Bentivegna, Nurse Raffaele, and Dr. Geer, purportedly retaliated against him,

across multiple prisons, so as to deprive the Plaintiff of adequate medical care, because the Plaintiff "got [Dr. Bernstein] and his cohort, Dr. Clark [, a non-party,] in trouble". *4th A.C. ¶ 80.* This claim, however, fails, because it is predicated on a serious of conclusory allegations that are devoid of any factual underpinning. The claim also fails because, as discussed above, *see supra POINT II,* it is contradicted by the fact that Plaintiff received ample amounts of medical care and repeated particularized attention to address his needs and medical concerns. Accordingly, Plaintiff's retaliation claim must be dismissed. *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (holding that a court must assess a claim of retaliation made by an inmate with "skepticism and particular care" because such claims are "easily fabricated" by inmates and those claims create a "substantial risk of unwarranted judicial intrusion into matters of general prison administration") (citations omitted), *overruled on other grounds, Swierkiewicz v Sorema N.A.,* 534 U.S. 506 (2002).

In any event, Plaintiff's relation claim should be dismissed because Plaintiff has not alleged any of the requisite elements to plead such a claim. Specifically, Plaintiff has not alleged any non-conclusory allegations that demonstrate that he was engaged in a protected speech or conduct, that the Defendants took any adverse action against him, or that there was a causal connection between Plaintiff's protected speech and the adverse action. *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003). Moreover, Plaintiff has not alleged any "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights". *Dawes*, 239 F.3d at 493.

To the extent Plaintiff is attempting to claim that his protected activity was to transfer, *4th A.C. ¶ 27*, or not be transferred, *Id. ¶ 28*, from one facility to another, this allegation does not establish any protected activity because, as noted above, the Plaintiff has no "constitutional interest in being housed in the facility of his choice." *Meachum,* 427 U.S. at 224. Additionally, and to the

extent Plaintiff is attempting to claim that any of the Defendants took an adverse action against the Plaintiff's right to receive adequate medical care because the Plaintiff made complaints about Dr. Bernstein or Dr. Clark, a non-party, this claims also fail because, as discussed in greater detail above, Plaintiff receive constitutionally adequate medical care. As such, Plaintiff has failed to allege any causal connection between the medical care provided to him by the Defendants and the unspecified adverse action that Plaintiff has unsuccessful attempted to assert in this matter.

Finally, to the extent that Plaintiff contends that the misbehavior report he discusses, *4th A.C. ¶ 73-74,* was the product of retaliation by Defendants, the is no suggestion that the Defendants were involved in the misbehavior report or the ensuing disciplinary proceeding and no factual nexus between Plaintiff's grievances against Defendants and the entirely unrelated misbehavior report. Accordingly, Plaintiff's retaliation claim should be dismissed.

**D.  Plaintiff Has Failed to Allege Any First Amendment Access to the Courts Claim.**

To the extent Plaintiff is attempting to claim a violation of his right to access the courts, he has failed to do so. An inmate's claim that he was denied access to the courts cannot survive a motion to dismiss if the inmate does not demonstrate how his efforts to pursue a legal claim were hindered. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a claim for denial of access to the courts, a plaintiff must allege that the defendants "took or [were] responsible for actions that hindered [the plaintiff's] efforts to pursue a legal claim." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (citations omitted); *see also Cancel v. Goord*, No. 00 Civ. 2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) ("In order to survive a motion to dismiss a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim.") (citing *Lewis*, 518 U.S. at 353). Here, Plaintiff has not alleged what

actual legal efforts were hindered or what, if any, impact that claimed hindrance had on Plaintiff's ability to access the courts. Plaintiff has also not referred to any, non-time-barred, cases, nor has he alleged how any of the Defendants' actions caused him to lose that case or caused his legal claims to be dismissed.

To the extent Plaintiff is attempting to allege that Director Mallozzi or Inmate Grievance Program Supervisor Quick purportedly interfered with Plaintiff's ability to access the courts because they did not affirm the grievances he filed, *4th A.C. pg 20,* the outcome of such inmate grievances has no bearing on the Plaintiff's ability to file any legal action in either state or federal court. In any event, as a rule, "inmate grievance programs created by state law are not required by the Constitution and as a consequence allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Johnson v. Wala*, No. 14 Civ. 1151, 2015 WL 4542344, at *4 (N.D.N.Y. July 27, 2015). Moreover, the claim also fails because "[t]he First Amendment guarantees meaningful access to the courts and the right to petition the government for redress. The First Amendment is not implicated, however, where prison officials deny an inmate access to grievance procedures." *Corley v. City of New York*, No. 14 Civ. 3202, 2015 WL 5729985, at *9 (S.D.N.Y. Sept. 30, 2015) (citation omitted). Accordingly, Plaintiff's access to the courts claim should be dismissed.

**E.  Plaintiff Has Failed to Allege an ADA or Rehabilitation Act Claim.**

Plaintiff has failed to state a valid claim under the ADA or Rehabilitation Act because such claims cannot be brought against individual Defendants as the Plaintiff has done so in this matter. *See Cohn v. KeySpan Corp.,* 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act") (collecting cases); *Flum v. Dep't of Educ.*, 83 F. Supp. 3d 494, 500 (S.D.N.Y. 2015) ("there is no individual

liability under the ADA or the Rehabilitation Act"). Additionally, these claims must also be dismissed because Plaintiff has failed to allege he was discriminated against because of a disability – as opposed to his conviction as alleged in this matter – which fails to implicate the ADA or Rehabilitation Act. *Maccharulo v. N.Y. State Dep't of Corr. Servs.*, No. 08 Civ. 301, 2010 WL 2899751, at \*5 (S.D.N.Y. July 21, 2010) (holding a "claim that does not allege such discriminatory treatment is not a viable claim under either statute.") (citation and quotations omitted); *see also Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 85 (2d Cir. 2004). Accordingly, these claims must be dismissed.

## F.  Plaintiff Has Failed to Allege Any Equal Protection Claim.

Plaintiff's equal protection claim should be dismissed because Plaintiff has only alleged, self-serving, conclusory, allegations that fail to make this claim facially plausible. *4th A.C. ¶ 83-84*; *Kassner,* 496 F.3d at 237. Although, Plaintiff claims he is in a "class of one", *Id. ¶ 84*, he has failed to allege any factual allegations that establish that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In fact, nowhere in Plaintiff's Fourth Amended Complaint does he allege any specific inmates, or groups of inmates, that he was treated differently from. Instead, Plaintiff makes a vague allegation that he was treated differently, from what appears to be the general inmate population, however, such vague allegations fail to establish the higher degree of similarity needed in order to properly plead an equal protection claim under a theory of a class of one. See *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (holding the plaintiff must "show an extremely high degree of similarity between themselves and the persons to whom they compare themselves" under a theory of "class of one") (internal quotation marks omitted). Plaintiff also does not allege any details regarding the

differences in the treatment that he received, compared to any of the other inmates he is attempting to compare himself to. Accordingly, Plaintiff has failed to establish any equal protection claim in this matter. *See Abdur-Raheem v. Wenderlich*, No. 07-CV-6247, 2012 WL 5185605, at *1 (W.D.N.Y. Sept. 19, 2012) (holding plaintiff's failure "to allege or identify the existence of any similarly situated group or individuals" treated differently is fatal to an equal protection claim).

To the extent Plaintiff was attempting to allege an equal protection claim based upon the medical treatment he was provided or that he was not enrolled into the master's program sooner than he believes he should have been, these claims should also be dismissed as the Plaintiff has only plead conclusory allegations devoid of any factual support. Utterly fatal to both claims is the fact that Plaintiff does not allege that any action purportedly taken by the Defendants was motivated in any way by impermissible considerations or with a malicious intent to injure the Plaintiff. *See FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992); *see also Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012). Equal fatal to these claims are the facts that, as discussed in greater detail above, Plaintiff was provided constitutionally adequate medical treatment, *see supra Point II*. Also, he is currently enrolled into the master's program, *4th A.C. ¶ 62 & 79*, and does not any liberty interest in participating in that program. *Jouvert*, 2012 WL 6964386, at *7 (N.D.N.Y. Oct. 23, 2012). Accordingly, this claim should be dismissed.

## POINT IV

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants are, at a minimum, entitled to qualified immunity. Qualified immunity is "an immunity from suit rather than a mere defense to liability," the "driving force" for which is a "desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotations omitted). Qualified

immunity "attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (internal citations omitted). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Here, the Defendants are entitled to qualified immunity because Plaintiff cannot "establish a constitutional violation, [and as such] the qualified immunity inquiry ends and the plaintiff may not recover." *Cowan v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)*); see also Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*, 268 F. Supp. 3d 453, 457 (W.D.N.Y. Aug. 3, 2017) (dismissing plaintiff's claims because they were "at best, conclusory and fail[ed] to raise the specter of relief beyond the speculative level").

The Defendants are also entitled to qualified immunity because Plaintiff has not shown that any Defendant violated his right to adequate medical care. Instead, Plaintiff has merely alleged his personal disagreements with his medical treatment, which such disagreements do not implicate the Eighth Amendment. *Sonds,*151 F. Supp. 2d at 311; *Chance*, 143 F.3d at 703. The Defendants are further entitled to qualified immunity because Plaintiff alleges that the Defendants used their "d[i]secretion to influence their action/inaction[s]". *4th A.C. ¶ 83-84 & 85*. The use of one's discretion is by no means a violation of Plaintiff's rights, and is instead, a choice that the Plaintiff disagrees with. In any event, the choices made by the Defendants in this matter would not permit an objectively reasonable officer, in the Defendants' position, to have believed that any of the

actions, on the part of the Defendants, violated any of Plaintiff's clearly established rights.

Deputy Commissioner McKoy, Director Mallozzi, and Supervisor Quick are further entitled to qualified immunity because the failure to comply with DOCCS statues and/or regulations are not applicable to a *§ 1983* claim. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights.") (citation omitted); *Rivera v. Wohlrab,* 232 F. Supp. 2d 117, 123 (S.D.N.Y 2002) ("the law is settled that the failure to follow a DOCS Directive or prison regulation does not give rise to a federal constitutional claim") (citation omitted). Additionally, Deputy Commissioner McKoy is also entitled to qualified immunity because even if he denied Plaintiff's enrollment into the master's program, which he is not alleged to have done, Plaintiff has no liberty interest in his participating in that program. *Jouvert*, 2012 WL 6964386, at *7. Accordingly, the Defendants are entitled to qualified immunity.

## POINT V

### PLAINTIFF'S REQUEST FOR UNSPECIFIED DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF SHOULD BE DISMISSED

Where a plaintiff's federal civil rights claims are dismissed, declaratory and injunctive relief claims must also be dismissed. *See, Porat v. Lincoln Towers Community Ass'n.*, No. 04-cv-3199 (LAP), 2005 WL 646093, at *7 (S.D.N.Y. Mar. 17, 2005) ("[A]ll of Plaintiff's federal claims are dismissed on the ground that he has not adequately pleaded them. Because there is no other basis for federal jurisdiction, the declaratory judgment claim is dismissed"). Here, Plaintiff's *§ 1983* claims should be dismissed for the reasons discussed above. Accordingly, Plaintiff's claims for unspecified declaratory judgment and injunctive relief should be dismissed as well. In any event, Plaintiff's claims for injunctive relief arising from facilities where he no longer resides at are moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996).

## POINT VI

## ANY REMAINING CLAIM AGAINST DR. GEER SHOULD BE SEVERED AND TRANSFERRED TO THE WESTERN DISTRICT

Fed. R. Civ. P. 20(a)(2) permits the joinder of multiple defendants in one action only if:" (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As is clear from the plain language of Rule 20(a)(2), both criteria must be met for joinder to be proper. *See McNaughton v. Merck & Co.*, No. 04 Civ. 8297 (LAP), 2004 WL 5180726, at *3 (S.D.N.Y. Dec. 17, 2004) (holding that joinder of defendants was improper where only one of the two preconditions of Rule 20(a)(2) was met) (citation omitted).

The Plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20. *See Kehr v. Yamaka Motor Corp.*, 596 F. Supp. 2d 821, 827 (S.D.N.Y. 2008). If a court concludes that a defendant has been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever the parties or claims from the action. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court."). Further, the fact that a claim may be subject to transfer to a more appropriate venue is a valid reason to order severance. *James v. Osbourne*, No. 11 Civ. 4182 CLP, 2012 WL 4849160 at 4 (E.D.N.Y. Apr. 18, 2012) (citations omitted).

In deciding whether severance is appropriate, courts generally consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the

party requesting the severance will be prejudiced if it is not granted. *German v. Fed. Home Loan Mortg. Corp.*, 896 F.Supp. 1385, 1400 (S.D.N.Y. 1995).

Here, the considerations weigh in favor of severance. First, other than the meritless conspiracy claim, Plaintiff's claims alleged to have occurred at Auburn, should they survive dismissal, are unrelated to his claims at Green Haven and Sing Sing. Second, Plaintiff's claims regarding his medical care at Auburn are significantly different from his claims of medical care and retaliation at Green Haven. Third, each issue requires the testimony of different witnesses and different documentary proof. For example, the evidence related to medical care, including examination and treatment, at Auburn would be different from the evidence of a retaliation at Green Haven as well as the evidence of an equal protection claim at Sing Sing. Fourth, the parties requesting severance, the parties that are not defendant Dr. Geer, would be prejudiced if severance were not granted as those defendants would be subject to an unfair disadvantage in having to defend incorrect inferences that there were multiple instances of constitutional violations against the Plaintiff at different facilities. Dr. Geer, likewise, would be subjected to a similar incorrect inference involving the facilities that were not Auburn. Therefore, these claims should be served.

Following severance, those claims should be transferred to the Western District of New York. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented." *28 U.S.C. § 1404(a)*. In deciding motions to transfer venue under *§ 1404(a)*, courts inquire, first, "whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Robertson v. Cartinhour*, No. 10 Civ. 8442 LTS HBP, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011). Here, the action against Dr. Geer could have been

brought in the Western District. Venue in the Western District is also proper because Dr Geer's principal place of business is in the Western District. *4th A.C. § IV No. 8*; *28 U.S.C. § 1391(b)(1).*

In determining whether transfer to another district would be appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiffs choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. *Keitt v. New York*, No. 12 Civ. 2350 PAE, 2013 WL 3479526, at *3 (S.D.N.Y. July 10, 2013). These factors "need not be accorded equal weight, and other factors may be considered." *Whitehaus Collection v. Barclay Prods.*, No. 11 Civ. 217 LBS, 2011 WL 4036097, at *2 (S.D.N.Y. Aug. 26, 2011) (citation omitted). Notwithstanding these factors, "[t]he core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of the witnesses." *Viacom Int'l, Inc. v. Melvin Simon Prods.*, *Inc.,* 774 F. Supp. 858, 868 (S.D.N.Y. 1991).

As discussed above, the claims against Dr. Geer, should they survive dismissal, arise out of events that took place in the Western District, and witnesses and documents to those claims are located in the Western District. Moreover, Auburn is located more than 250 miles from the Southern District Courthouse in Manhattan, which would make it difficult for the Court to subpoena an unwilling witness to attend the proceedings. Further, there is a public interest in resolving claims where they arose. *Simpson v. Rodas*, No. 10 Civ. 6670 CS, 2012 WL 4354832, at *10 (S.D.N.Y. Sept. 21, 2012); *accord Rush v. Fischer*, 923 F. Supp. 2d 545, 557 (S.D.N.Y. 2013). Therefore, should any claim survive against Dr. Geer, it should be severed and transferred

to the Western District of New York.

<h1 style="text-align:center">POINT VII</h1>

**THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

The Fourth Amended Complaint should be dismissed with prejudice. Plaintiff was already granted an opportunity to cure his pleading deficiencies, and, indeed has filed multiple amendments in an attempt to do just that. *See Dkt. No. 19*, *56*, *63*, *& 66*. As illustrated above, however, those opportunities have proven futile. Accordingly, a fifth "'bite[ ] at the apple'" is not warranted and the Court should dismiss this matter with prejudice. *Melvin v. County of Westchester*, No. 14-cv-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016 (Karas, J.) (dismissing claims with prejudice) (collecting cases) (quoting *Treppel v. Biovail Corp.*, No. 03-cv-3002, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005)).

<h1 style="text-align:center">CONCLUSION</h1>

For the reasons set forth above, the Defendants respectfully request that the Court dismiss this action in its entirety with prejudice. It is also respectfully requested that any claim that survives dismissal against Dr. Geer be transferred to the Western District where venue is proper.

Dated: January 8, 2021
      White Plains, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York
*Attorney for Defendants*
By:

*S/ John R. Doran*
John R. Doran
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8591
John.Doran@ag.ny.gov